NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FABIAN M. ROSIMO,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3090

---

Petition for review of the Merit Systems Protection Board in case no. SF0831100613-I-1.

---

Decided: November 10, 2011

---

FABIAN M. ROSIMO, of San Agustin, Castillejos, Philippines, pro se.

SHELLEY D. WEGER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and STEVEN J. GILLINGHAM, Assistant Director.  Of counsel was JESSICA

JOHNSON, Office of Personnel Management, of Washington, DC.

---

Before NEWMAN, BRYSON, and MOORE, *Circuit Judges*.

PER CURIAM.

This case is an appeal from a decision by the Merit Systems Protection Board (Board) affirming a decision of the Office of Personnel Management (OPM) holding Mr. Rosimo was not eligible to make a deposit under the Civil Service Retirement System (CSRS). Because there is substantial evidence supporting the Board's decision, and because the decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we *affirm*.

## BACKGROUND

Mr. Rosimo served with the Department of the Navy between November 24, 1945 and October 6, 1949, and again from October 27, 1966 through April 5, 1987. There is no evidence that Mr. Rosimo ever had retirement deductions withheld from his pay. Mr. Rosimo nevertheless applied to OPM to make a CSRS service credit deposit. OPM denied this request because it concluded Mr. Rosimo was ineligible to make such a deposit. Mr. Rosimo appealed and the Board affirmed, explaining that entitlement to a retirement annuity under the Civil Service Retirement Act (CSRA) requires both "creditable service" and "covered service." Although Mr. Rosimo had more than five years of "creditable service," the Board found that he held an indefinite appointment, which was not "covered service" since indefinite appointments are excluded from CSRA coverage.

Upon a petition for review, the full Board affirmed the initial decision. The Board again explained that because Mr. Rosimo held an indefinite appointment, he failed to establish any "covered service" under the CSRA. The Board rejected Mr. Rosimo's argument that 5 C.F.R. § 8831.112(a)(2) contradicted the plain language of 5 U.S.C. § 8334(c). The Board held that the regulation was reasonable since it "merely prohibits deposits from employees who would not be eligible to receive a CSRS annuity even if they made a deposit." Resp't App. 7. The Board also distinguished Mr. Rosimo's situation from cases where an employee previously satisfied the covered service requirement, and explained that Mr. Rosimo's coverage or lack of coverage under a local collective bargaining agreement did not impact the outcome of his case since his service was not covered by the CSRS.

Mr. Rosimo appeals the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Mr. Rosimo does not appear to dispute the relevant facts on appeal, namely that he served on indefinite appointments during his employment. Instead, he challenges the Board's interpretation of the regulations. Mr. Rosimo claims that 5 C.F.R. § 831.112(a)(2) and 5 C.F.R.

§ 831.303(a), when read in conjunction mean that "it is not necessary for an individual to make a deposit for service performed under a noncontributory service to receive credit for such." Pet'r Br. at 4. Mr. Rosimo claims that because he was "on [the] active roll" when section 831.303(a) was promulgated "it automatically made all my non-CSRA position into noncontributory service under the law," and retroactively made his position "subject to" the CSRS. Pet'r Br. at 5.

Mr. Rosimo distinguishes 5 C.F.R. § 831.112(a), which he claims only applies for service beginning October 1, 1982, and asserts he has "inherent" CSRA coverage for his service ending September 30, 1982, which therefore entitles him to an annuity. As a result, Mr. Rosimo argues that his service prior to October 1, 1982 is "covered service" which entitles him to an annuity. Pet'r Br. at 5 (citing 5 C.F.R. § 831.303(b)). Citing *Dorry v. Office of Personnel Management*, 35 M.S.P.R. 264 (1987), Mr. Rosimo also asserts that he was entitled to count his creditable service towards an annuity.

Mr. Rosimo's arguments fail to establish that he is a former employee with Civil Service Retirement Annuity rights. As defined in 5 C.F.R. § 831.112(a), an "employee" is either a current employee subject to the civil service retirement law or a former employee who retains civil service retirement annuity rights. To "qualify for a civil service retirement annuity," however, "a government employee ordinarily must complete at least five years of creditable service, and at least one of the two years prior to separation must be 'covered service,' i.e., service that is subject to the Civil Service Retirement Act." *Quiocson v. Office Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). It is undisputed that Mr. Rosimo served exclusively under indefinite appointments, which are "excluded from CSRS retirement coverage under OPM regulations," and there-

fore not "covered service." *Id.* Mr. Rosimo does not challenge this factual finding or the finding that there was no evidence that CSRS deductions were ever withheld from Mr. Rosimo's pay. *See id.* ("The absence of deductions is an indication that an employee was not serving in a covered position."). A former employee may "make a deposit only if that former employee is already covered by the CSRS." *Della Rosa v. Office Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009). Since Mr. Rosimo lacks sufficient "covered service," he is not a former employee already covered by CSRS and therefore is not eligible to make a deposit under 5 U.S.C. § 8334(c).

Mr. Rosimo's argument that 5 C.F.R. § 831.303(a) allows him to convert his "creditable service" into "covered service" is unavailing. Section 831.303(a), by its terms, only applies to "an employee," and allows periods of "creditable civilian service" to be "included in determining length of service to compute annuity." Section 831.303(a) thus allows an employee who qualifies for an annuity to include certain periods of creditable service in the calculation. Mr. Rosimo, however, lacks "covered service," not "creditable service," so 5 C.F.R. § 831.303(a) does not help him. Contrary to Mr. Rosimo's interpretation, 5 C.F.R. § 831.303(b), which also applies to an "employee," does not give rise to an "inherent" CSRA coverage that fixes his "covered service" deficiency. Likewise, Mr. Rosimo's claim that *Dorry* allows him to avoid the covered service requirement is incorrect: *Dorry* involved an employee who had sufficient *covered* service, but lacked *creditable* service. 35 M.S.P.R. at 265-66; *see also Della Rosa*, 583 F.3d at 765 n.3 (explaining *Dorry* involved "a woman with four-and-a-half years of covered service" who succeeded in proving "prior service in Iran was creditable service").

We conclude the Board's decision that Mr. Rosimo was not eligible to make a deposit under the CSRS was not

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and is supported by substantial evidence. We have considered Mr. Rosimo's additional arguments on appeal and find them to be without merit.

## AFFIRMED

### COSTS

No costs.