NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROMULO ORCINO,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2012-3034

---

Petition for review of the Merit Systems Protection Board in case no. SF0831110111-I-1.

---

Decided: June 8, 2012

---

ROMULO ORCINO, of Zambales, Philippines, pro se.

AUSTIN M. FULK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director.

---

Before RADER, *Chief Judge*, NEWMAN, and PLAGER, *Circuit Judges*.

PER CURIAM.

Romulo Orcino petitions for review of a final decision of the Merit Systems Protection Board ("Board") denying his request to make a deposit to the Civil Service Retirement System ("CSRS").[1] Because the Board's decision is in accordance with the law and is supported by substantial evidence, we *affirm*.

## BACKGROUND

Mr. Orcino was employed in various positions at the United States Naval Station at Subic Bay in the Philippines from 1967 to 1992. In 2008, Mr. Orcino sought to make a deposit into the CSRS for his prior service in accordance with 5 U.S.C. § 8334. The Office of Personnel Management ("OPM") denied his request because he was not a current employee who was allowed to make a deposit. After OPM denied Mr. Orcino's request for reconsideration, he appealed to the Board.

The Board issued an initial decision on February 25, 2011, holding that Mr. Orcino was not eligible to make a deposit into the CSRS because he had not established that his positions were covered by the Civil Service Retirement Act ("CSRA"). Specifically, the Board determined that retirement deductions had never been taken from Mr. Orcino's earnings, those of his SF-50 forms that were legible showed his positions were not covered by

---

[1] *Orcino v. Office of Pers. Mgmt.*, No. SF-0831-11-0111-I-I (Feb. 25, 2011) ("Initial Decision"); *Orcino v. Office of Pers. Mgmt.*, No. SF-0831-11-0111-I-I (Sept. 30, 2011) (final order denying petition for review).

CSRA, and on leaving Government service he had received a lump-sum retirement payment indicating he was covered under a different retirement system. Initial Decision at 5-8. The Board further determined that because Mr. Orcino is neither currently employed in a position subject to civil service law, nor a former employee who retains retirement annuity rights, he is ineligible to make a deposit into the CSRS system under 5 U.S.C. § 8334. *Id.* at 8-9. The Board denied Mr. Orcino's petition for review on September 30, 2011, making the initial decision final. This appeal followed.

DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

Under 5 U.S.C. § 8334 and 5 C.F.R. § 831.112, former Government employees may make credit deposits into the CSRS for prior eligible service if they "retain[] civil service retirement annuity rights . . . ." 5 C.F.R. § 831.112(a)(2). To qualify for a civil service retirement annuity based on a separation after August 31, 1954, a Government employee must complete at least five years of qualified civilian service ("creditable service"), with at least one of the last two years in a position covered by the CSRA ("covered service"). *See* 5 U.S.C. §§ 8331, 8333, 8336, and 8338; *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). Because there is no indication in the record that any of Mr. Orcino's positions were in the covered service, he had no civil service re-

tirement annuity rights to retain after separation. Thus, he is not eligible to make a deposit under 5 U.S.C. § 8334. *See Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009).

Mr. Orcino argues that he is only required to have creditable service, not covered service, to make a deposit into the CSRS under 5 U.S.C. § 8334. Specifically, he contends that 5 C.F.R. § 831.303(a) made all periods of federal employment before October 1, 1982, covered by the CSRA and creditable toward retirement. Mr. Orcino is incorrect. Section 831.303(a) allows those *already covered* by the CSRA to include certain creditable service when calculating their civil service retirement annuity. There is nothing in the language of 5 C.F.R. § 831.303(a) to support Mr. Orcino's argument that the regulation retroactively converted "creditable service" into "covered service" or changed who qualified for an annuity. Thus, Mr. Orcino cannot rely on § 831.303(a) to circumvent the covered service requirement of 5 U.S.C. § 8333(b).

This court has considered Mr. Orcino's other arguments and concludes that they are all without merit.

## CONCLUSION

For the foregoing reasons, the Board's decision is affirmed.

## **AFFIRMED**