NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**RICARDO DOMINICO,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

———————————

2015-3100

———————————

Petition for review of the Merit Systems Protection Board in No. SF-0831-14-0294-I-1.

———————————

Decided: September 11, 2015

———————————

RICARDO DOMINICO, San Juan, San Narciso, Zambales, Philippines, pro se.

ROBERT C. BIGLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

———————————

Before MOORE, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Ricardo Dominico appeals from the final decision of the Merit Systems Protection Board ("Board") affirming that Mr. Dominico does not qualify for a Civil Service Retirement System ("CSRS") annuity. *Dominico v. Office of Pers. Mgmt.*, No. SF-0831-14-0294-I-1, 2015 WL 268551 (M.S.P.B. Jan. 21, 2015). We *affirm*.

## BACKGROUND

Mr. Dominico held a temporary appointment position in the excepted service at the U.S. Naval Ship Repair Facility in Subic Bay, Philippines from May 1976 to January 1977. He received another temporary appointment in the excepted service in June 1977, which was converted to an indefinite appointment in March 1980. Sometime thereafter, his position became permanent, and his employment continued until July 24, 1992, when he was forced to retire due to a reduction in force. Except for the five-month gap in 1977, his employment with the U.S. Navy was continuous from 1976 to 1992. During his service, he never deposited any of his pay into the Civil Service Retirement and Disability Fund ("Fund"). Upon retirement, he received retirement pay under the Filipino Employment Personnel Instruction ("FEPI"), a retirement system that is separate from CSRS. *See Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007).

In July 2013, Mr. Dominico applied for a retirement annuity under CSRS. The Office of Personnel Management ("OPM") found Mr. Dominico ineligible for a CSRS annuity for lack of "covered" service. Mr. Dominico appealed, and the OPM decision was affirmed by the administrative judge and then by the Board. Mr. Dominico timely petitioned this Court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 764 (Fed. Cir. 2009). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McEntee v. Merit Sys. Prot. Bd.*, 404 F.3d 1320, 1325 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938)). Mr. Dominico, as the applicant for retirement benefits, had "the burden of proving, by a preponderance of the evidence, entitlement to the benefits." 5 C.F.R. § 1201.56(a)(2) (2015).[1] A preponderance of the evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." *Id.* § 1201.56(c)(2).

To qualify for a CSRS annuity, Mr. Dominico must have completed at least five years of "creditable" service, with at least one of his last two years before separation completed in a "covered" service. *Quiocson*, 490 F.3d at 1360 (citing 5 U.S.C. § 8333). The Board found that Mr. Dominico's service was creditable, but never covered. The Board rejected his argument that 5 C.F.R. § 831.303(a) retroactively converted his creditable service occurring prior to October 1, 1982, into covered service.

---

[1] All citations to the Code of Federal Regulations are to the 2015 edition. Amendments to 5 C.F.R. part 1201 made in January 2015 are not applicable here because this appeal was filed before March 30, 2015. Practices and Procedures, 80 Fed. Reg. 4,489 (Jan. 28, 2015) (to be codified at 5 C.F.R. pt. 1201).

Mr. Dominico challenges the Board's holding on two grounds. First, he argues that his service with the Navy was covered. Second, he argues that even if his service was never covered, he is entitled to a CSRS annuity based on his creditable service performed prior to October 1, 1982, by operation of law. We address these arguments in turn.

First, substantial evidence supports the Board's finding that Mr. Dominico was never covered by CSRS. "Covered service only includes an appointment that is subject to the [Civil Service Retirement Act ('Act')] and for which an employee must deposit part of his or her pay into the [Fund]." *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir. 1995). The record shows that the appointments Mr. Dominico held were not subject to the Act and that he did not make any deposit into the Fund. For example, the retirement code on his Standard Form-50s ("SF-50") is either "None" or "Other" and the annuitant indicator is listed as "Not Applicable," which support the Board's finding that he was not covered by the Act. And Mr. Dominico admits that he did not make any deposit during his employment.

Nor has Mr. Dominico pointed to any evidence on appeal that would rebut the Board's finding that he was subject to a retirement system other than CSRS and thus not covered by CSRS. 5 U.S.C. § 8331(1)(ii) (excluding from CSRS employees subject to another government employee retirement system). The SF-50 documenting Mr. Dominico's involuntary termination on July 24, 1992, indicates he received "16 months severance pay based on 15 years, 10 months and 5 days creditable service with the U.S. Forces Philippines" in accordance with FEPI. A. 27. *See Dela Rosa*, 583 F.3d at 765–66 (declining to overrule the precedents establishing that an agreement between the Federation of Filipino Civilian Employees Association and the Armed Forces such as the FEPI is "another retirement system" for the purposes of

§ 8331(1)(ii)). As such, substantial evidence supports the Board's determination.

We next turn to Mr. Dominico's argument that he is entitled to a CSRS annuity for his service prior to October 1, 1982, even without any covered service, by operation of 5 C.F.R. § 831.303(a). His argument appears to be that (i) he would have been a covered employee from 1976 to 1982 but for his failure to make a deposit into the Fund, and (ii) the second sentence of § 831.303(a) cured this deficiency. Appellant's Br. 7–8, 10–11. He argues that even though his application for a CSRS annuity was based solely on his service from 1976 to his "involuntary separation" in 1982, the Board erroneously looked to his entire service period which ended in 1992 for his coverage determination.[2] *Id.* 2, 10.

We disagree with Mr. Dominico's interpretation of § 831.303(a),[3] which states:

> Periods of creditable civilian service performed by *an employee* or Member after July 31, 1920, but before October 1, 1982, for which retirement deductions have not been taken shall be included in determining length of service to compute annuity under subchapter III of chapter 83 of title 5, United States Code; however, if *the employee*, Member, or survivor does not elect either to complete

---

[2] The service period is relevant to determining annuity eligibility because at least one of the *last two years prior to separation* must be from a position covered by CSRS. Mr. Dominico was continuously employed with the Navy from 1978 to 1992, and the Board found that he never held a covered position.

[3] Section 831.303(a) has remained substantively the same for purposes of this case since its promulgation in 1982.

the deposit describes [sic] by section 8334(c) of ti-
tle 5, United States Code, or to eliminate the ser-
vice from annuity computation, his or her annuity
is reduced by 10 percent of the amount which
should have been deposited (plus interest) for the
period of noncontributory service.

(emphasis added).     We have already held that
§ 831.303(a) "allows those *already covered* by the Act to
include certain creditable service in calculating the annui-
ty." *Fontilla v. Office of Pers. Mgmt.*, 482 F. App'x 563,
565 (Fed. Cir. 2012) (citing 5 C.F.R. § 831.112(a) which
defines the term "employee") (emphasis in original).
Mr. Dominico argues that the laws and regulations from
1982 should apply, presumably to avoid § 831.112(a),
which was promulgated in 1991. Appellant's Br. 10. He
points to the definition of an "employee" in 5 U.S.C.
§ 8331(1)(A), which incorporates the definition from
5 U.S.C. § 2105(a). *Id.* 7. But § 8331(1)(ii) expressly
excludes individuals subject to another government
employee retirement system from the definition of an
"employee." As discussed earlier, Mr. Dominico falls into
this exception, and consequently, is not an "employee"
subject to § 831.303(a) under the § 8331 definition.

We have considered Mr. Dominico's additional argu-
ments and conclude that they do not warrant a different
result. We conclude that the Board properly ruled that
Mr. Dominico is not eligible for a CSRS annuity. The
decision of the Board is affirmed.

**AFFIRMED.**

COSTS

No costs.