NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANCISCO T. GARCIA,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2016-1114

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-14-0567-I-1.

---

Decided: September 21, 2016

---

FRANCISCO T. GARCIA, Olongapo City, Philippines, pro se.

DEVIN ANDREW WOLAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

---

Before NEWMAN, DYK, and TARANTO, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Francisco T. Garcia appeals a decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") denial of entitlement to a deferred retirement annuity under the Civil Service Retirement System ("CSRS"). The Board found that Mr. Garcia never served in a position covered by the CSRS. That finding is in accordance with law; the decision is affirmed.

## BACKGROUND

Mr. Garcia worked for the Department of the Navy at the Subic Bay Naval Base in the Philippines from 1972 until 1992 in a variety of positions in the excepted service. Between 1972 and February 1980, these positions were classified as "temporary," and all of the "Notice of Personnel Action" Standard Forms 50 ("SF-50s") for these appointments list his retirement plan as "None."

On February 17, 1980, Mr. Garcia's position was reclassified as an excepted service "indefinite" appointment. Mr. Garcia served as a Surveying Aid, Surveying Technician, and Supervisory Surveying Technician until he resigned on September 30, 1992 in lieu of termination under a reduction-in-force. Each SF-50 during this period listed his retirement plan as "Not Applicable" or "Other." There is no record that any of Mr. Garcia's pay was ever withheld or deposited into the CSRS fund, and Mr. Garcia does not state otherwise.

In 2012, Mr. Garcia filed an application for deferred retirement under the CSRS. OPM denied the application because he "never served in a position subject to the CSRS." J.A. 24. Mr. Garcia requested reconsideration, and on April 21, 2014, OPM issued its final decision denying entitlement to an annuity, stating that Mr. Garcia did not have the minimum one year of covered service.

Mr. Garcia appealed to the Board. The Board affirmed the denial, stating that Mr. Garcia did not serve in a position covered by the Civil Service Retirement Act ("CSRA") during one of his last two years of employment, as required by 5 U.S.C. § 8333(b). The Board observed that Mr. Garcia's appointments were either excepted service indefinite or temporary, which are not covered by the CSRA. Mr. Garcia appeals.

## DISCUSSION

To be eligible for a retirement annuity, an employee must have completed at least five years of "creditable service." 5 U.S.C. §§ 8333(a)-(b). In addition, at least one of the final two years of employment prior to separation must have been "covered" service, that is, "creditable civilian service during which he is subject to the [CSRA]." 5 U.S.C. § 8333(b). Temporary, intermittent, term, and excepted indefinite appointments are excluded from CSRA coverage. 5 C.F.R. § 831.201(a); *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007).

Mr. Garcia argues that certain changes in the law during his service converted his creditable position into a covered position within the CSRA. 5 U.S.C. § 8334(c) permits an "employee . . . credited with civilian service . . . for which retirement deductions have not been made" under the CSRS to make a deposit with interest to the CSRS and receive an annuity.

The issue relates to the applicability of 5 C.F.R. § 831.112, which defines an "employee" eligible to make a deposit or receive an annuity as:

(1) A person currently employed in a position subject to the civil service retirement law; or

(2) A former employee . . . who retains civil service retirement annuity rights based on a separation from a position in which retirement deductions

were properly withheld and remain . . . in the Civil Service Retirement and Disability Fund.

Mr. Garcia argues that this regulatory provision does not apply to him because annuities for creditable service prior to 1982 are governed solely by 5 C.F.R. § 831.303(a), which states:

Periods of creditable civilian service performed by an employee or Member after July 31, 1920, but before October 1, 1982, for which retirement deductions have not been taken shall be included in determining length of service to compute annuity . . . ; however, if the employee, Member, or survivor does not elect either to complete the deposit described by section 8334(c) of title 5, United States Code, or to eliminate the service from annuity computation, his or her annuity is reduced by 10 percent of the amount which should have been deposited (plus interest) for the period of noncontributory service.

Mr. Garcia states that this provision retroactively converted all periods of "creditable" federal employment prior to October 1, 1982 to "covered" service under the CSRA. Mr. Garcia also argues that under § 831.303(a), he is entitled to a reduced annuity for his federal service between June 24, 1974 and September 30, 1982.

This court has previously considered the issue, and concluded that statutory entitlement does not arise on either of these theories. *See, e.g.*, *Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009) (holding that § 831.112(a)(2) "allows a 'former employee' to make a deposit only if that former employee is already covered by the CSRS"); *id.* at 764 (agreeing that § 8334(c) does not allow a former employee to "convert [creditable] service into covered service and thereby establish eligibility for a CSRS retirement annuity); *Herrera v. U.S.*, 849 F.2d 1416, 1417 (Fed. Cir. 1988) ("temporary, indefinite ap-

pointments" were not "covered service"); *see also Fontilla v. Office of Pers. Mgmt.*, 482 F. App'x 563, 565 (Fed. Cir. 2012) ("Section 831.303(a) does not supplant § 831.112 and cannot circumvent the covered service requirement of 5 U.S.C. § 8333(b).")

There is no statutory support for Mr. Garcia's arguments that § 831.303(a) retroactively converted creditable service into covered service or otherwise changed who qualified for an annuity.  Prior to 1982, Mr. Garcia served in temporary and excepted service indefinite positions that clearly were excluded from the CSRS.  Although Mr. Garcia had more than five years of creditable service as an employee, section 831.303(a) did not convert excluded positions into CSRA covered service.  Mr. Garcia's SF-50s only indicate "None," "Other," or "Not Applicable," and he has not proposed that the forms contained errors or were otherwise incomplete.  Section 831.303(a) does not supplant the covered service requirements of § 831.112(a)(2) and 5 U.S.C. § 8333(b).  The only effect of § 831.303(a) is to permit persons already covered by the CSRS to include certain service when calculating the annuity.  We discern no error in the Board's determination that Mr. Garcia had not served in a position covered by the CSRS.

We have considered Mr. Garcia's additional arguments relating to his participation in a different retirement system under a collective bargaining agreement, and conclude they do not affect the result.

The decision of the Board is affirmed.

### AFFIRMED

No costs.