NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTONIO S. HOCSON,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2016-1658

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-15-0462-I-1.

---

Decided: October 6, 2016

---

ANTONIO S. HOCSON, San Narciso, Philippines, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before NEWMAN, LOURIE, and CLEVENGER, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Antonio S. Hocson appeals a decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") denial of entitlement to a deferred retirement annuity under the Civil Service Retirement System ("CSRS"), as established by the Civil Service Retirement Act ("CSRA"). The Board found that Mr. Hocson never served in a position covered by the CSRS. That finding is in accordance with law; the decision is affirmed.

## BACKGROUND

Mr. Hocson worked for the Department of the Navy at the Subic Bay Naval Base in the Philippines from 1976 until 1992 as a Machinist Intermediate and Machinist in the excepted service prior to being terminated due to a reduction in force. Mr. Hocson's Record and Certification of Employment ("transcript") shows that the federal service rendered prior to September 7, 1980, was non-permanent with both appointments over this time period including a "NTE" (not to exceed) date of expiration.

On September 7, 1980, Mr. Hocson's position was re-classified as an excepted service "indefinite" appointment. Mr. Hocson served as a Machinist until separation on June 16, 1992, due to a reduction-in-force termination. The applicable SF-50 for this period listed his retirement plan as "Other." Both the SF-50 and the transcript reflect that Mr. Hocson was not in a position covered by the CSRA. There is no record that any of Mr. Hocson's pay was ever withheld or deposited into the CSRS fund, and Mr. Hocson does not state otherwise. Further, the SF-50 documenting Mr. Hocson's separation indicates an entitlement to severance "in accordance with FEPI," indicating a plan other than the CSRA.

In 2013, Mr. Hocson filed an application for an annuity under the CSRS. OPM denied the application because he "never served in a position subject to the Civil Service

Retirement Act." J.A. 46. Mr. Hocson requested reconsideration, and on February 9, 2015, OPM issued its final decision denying entitlement to an annuity, stating that Mr. Hocson did not have the minimum of five years of creditable service nor one year of covered service within the two years before his separation. J.A. 26.

Mr. Hocson appealed to the Board. The Board affirmed the denial, stating that Mr. Hocson did not serve in a position covered by the CSRA during one of his last two years of employment, as required by 5 U.S.C. §§ 8333(a)–(b). The Board observed that Mr. Hocson's appointments were either excepted service indefinite or temporary, which are not covered by the CSRA. Mr. Hocson appeals.

## DISCUSSION

To be eligible for a retirement annuity, an employee must have completed at least five years of "creditable service." 5 U.S.C. §§ 8333(a)–(b). In addition, at least one of the final two years of employment prior to separation must have been "covered" service, that is, "creditable civilian service during which he is subject to the [CSRA]." 5 U.S.C. § 8333(b). Temporary, intermittent, term, and excepted indefinite appointments are excluded from CSRA coverage. 5 C.F.R. § 831.201(a); *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007).

5 U.S.C. § 8334(c) permits an "employee . . . credited with civilian service . . . for which retirement deductions have not been made" under the CSRS to make a deposit with interest to the CSRS and receive an annuity. Mr. Hocson argues that certain changes in the law converted his creditable excluded position into a covered position within the CSRA.

The issue relates to the applicability of 5 C.F.R. § 831.112, which defines an "employee" eligible to make a deposit or receive an annuity as:

(1) A person currently employed in a position subject to the civil service retirement law; or

(2) A former employee . . . who retains civil service retirement annuity rights based on a separation from a position in which retirement deductions were properly withheld and remain . . . in the Civil Service Retirement and Disability Fund.

Mr. Hocson argues that this regulatory provision does not apply to him because annuities for creditable service prior to 1982 are governed solely by 5 C.F.R. § 831.303(a), which states:

Periods of creditable civilian service performed by an employee or Member after July 31, 1920, but before October 1, 1982, for which retirement deductions have not been taken shall be included in determining length of service to compute annuity . . . ; however, if the employee, Member, or survivor does not elect either to complete the deposit described by section 8334(c) of title 5, United States Code, or to eliminate the service from annuity computation, his or her annuity is reduced by 10 percent of the amount which should have been deposited (plus interest) for the period of noncontributory service.

Mr. Hocson states that this provision retroactively converted all periods of "creditable" federal employment prior to October 1, 1982 to "covered" service under the CSRA. Mr. Hocson also argues that under § 831.303(a), he is entitled to a reduced annuity for his federal service between July 1, 1976 and September 30, 1982.

This court has previously considered the issue, and concluded that statutory entitlement does not arise on either of these theories. *See, e.g., Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009) (holding that § 831.112(a)(2) "allows a 'former employee' to make a deposit only if that former employee is already covered by

the CSRS"); *id.* at 764 (agreeing that § 8334(c) does not allow a former employee to "convert [creditable] service into covered service and thereby establish eligibility for a CSRS retirement annuity"); *Herrera v. U.S.*, 849 F.2d 1416, 1417 (Fed. Cir. 1988) ("temporary, indefinite appointments" were not "covered service"); *see also Fontilla v. Office of Pers. Mgmt.*, 482 F. App'x 563, 565 (Fed. Cir. 2012) ("Section 831.303(a) does not supplant § 831.112 and cannot circumvent the covered service requirement of 5 U.S.C. § 8333(b).").

There is no statutory support for Mr. Hocson's arguments that § 831.303(a) retroactively converted creditable service into covered service or otherwise changed who qualified for an annuity. Prior to 1982, Mr. Hocson served in temporary and excepted service indefinite positions that clearly were excluded from the CSRS. Although Mr. Hocson had more than five years of creditable service as an employee, section 831.303(a) did not convert creditable excluded positions into CSRA covered service. Section 831.303(a) does not supplant the covered service requirements of § 831.112(a)(2) and 5 U.S.C. § 8333(b). The only effect of § 831.303(a) is to permit persons already covered by the CSRS to include certain service when calculating the annuity. We discern no error in the Board's determination that Mr. Hocson had not served in a position covered by the CSRS.

We have considered Mr. Hocson's additional arguments relating to his participation in a different retirement system under a collective bargaining agreement, and conclude that they do not affect this result.

The decision of the Board is affirmed.

## AFFIRMED

No costs.