NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VILLARDO D. DULLAS,**

*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**

*Respondent*

---

2017-1683

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-16-0165-I-1.

---

Decided: September 7, 2017

---

VILLARDO D. DULLAS, San Narciso, Zambales, Philippines, pro se.

DOUGLAS GLENN EDELSCHICK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.; PAUL ST. HILLAIRE, Office of General Counsel, Office of Personnel Management, Washington, DC.

---

Before MOORE, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

Villardo Dullas appeals from the final decision of the Merit Systems Protection Board (Board) affirming the determination by the Office of Personnel Management (OPM) that he does not qualify for a Civil Service Retirement System (CSRS) annuity. *Dullas v. Office of Pers. Mgmt.*, No. SF-0831-16-0165-I-1 (M.S.P.B. Dec. 28, 2016). Because the Board's decision is in accordance with the law and is supported by substantial evidence, we *affirm*.

## BACKGROUND

Mr. Dullas served as a civilian welder at the United States Naval Ship Repair Facility in Subic Bay, Philippines, from August 1971 through July 1992. From August 1971 through January 1980, his service consisted of numerous temporary appointments limited to one year or less. App'x 10. From January 1980 through July 1992, he served under an indefinite excepted service appointment in the same welder position. In July 1992, he was terminated as part of a reduction in force with seventeen months of severance pay. *Id.*

The Standard Form 50s (SF50s) that document the employment status of Mr. Dullas reflect that he served in a full-time excepted service position, with retirement coverage listed as "None" or "Other." App'x 10–11. During his service, no contributions from his pay were made to the Civil Service Retirement and Disability Fund (Fund). App'x 14.

In September 2013, Mr. Dullas applied for a deferred retirement annuity under the CSRS. The OPM denied his application for lack of "covered" service. App'x 11, App'x 28–33. Mr. Dullas then appealed to the Board, which issued an initial decision affirming the OPM's decision. App'x 9. In December 2016, the Board issued a final

order that affirmed and adopted the initial decision. App'x 5–8. The Board found that the service by Mr. Dullas was under temporary and indefinite appointments that were excluded from Civil Service Retirement Act (CSRA) coverage. App'x 6. The Board also rejected Mr. Dullas' argument that 5 C.F.R. § 831.303(a) retroactively implemented automatic coverage for all personnel that rendered service between 1920 and 1980. App'x 6–7.

Mr. Dullas timely petitioned this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review of a decision of the Board is limited. The Board's decision must be affirmed unless we conclude that it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence[.]" 5 U.S.C. § 7703(c); *see Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 764 (Fed. Cir. 2009).

"To qualify for a civil service retirement annuity, a government employee ordinarily must complete at least five years of creditable service, and at least one of the two years prior to separation must be 'covered service,' i.e., service that is subject to the [CSRA]." *Quioscon v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007); 5 U.S.C. § 8333. Service under temporary or indefinite appointments is excluded from coverage by the CSRA. *Quioscon*, 490 F.3d at 1360; 5 C.F.R. § 831.201(a).

The record shows that Mr. Dullas served temporary and indefinite appointments from 1971 to 1992. App'x 10. Although this may constitute *creditable* service, Mr. Dullas has failed to show that he served in a position *covered* by the CSRA. Mr. Dullas' SF50s only stated "None" or "Other," and he offers no evidence that the

forms contained errors or were otherwise incomplete. Further, the appointment forms show that no CSRS retirement benefit contributions were ever deducted from his pay, and that he received severance pay under a non-CSRS plan (i.e., Filipino Employment Personnel Instructions (FEPI)). App'x 10–11; App'x 14–18.

Mr. Dullas does not challenge these factual findings. Despite lacking "covered service," he nevertheless argues that an OPM regulation, 5 C.F.R. § 831.303(a), retroactively implemented automatic coverage under the CSRS for all Federal employees who rendered service between 1920 and 1982. The pertinent regulation states:

> Periods of creditable civilian service performed by *an employee* or Member after July 31, 1920, but before October 1, 1982, for which retirement deductions have not been taken shall be included in determining length of service to compute annuity . . . ; however, if *the employee*, Member, or survivor does not elect either to complete the deposit described by section 8334(c) of title 5, United States Code, or to eliminate the service from annuity computation, his or her annuity is reduced by 10 percent of the amount which should have been deposited (plus interest) for the period of noncontributory service.

5 C.F.R. § 831.303(a) (emphasis added).

Mr. Dullas' argument that § 831.303(a) allows him to convert his "creditable" service into "covered" service is unavailing. The regulation on which Mr. Dullas relies only applies to "an employee," and allows periods of "creditable civilian service" to be "included in determining length of service to compute annuity." *Id.* In other words, it addresses whether service is creditable and allows an employee who qualifies for an annuity to include certain periods of creditable service in the calculation. It does not convert non-covered service, such as that of Mr. Dullas,

into covered service. Nor does it otherwise render Mr. Dullas eligible for a CSRS annuity. *See Hocson v. Office of Pers. Mgmt.*, 662 F. App'x 922, 924 (Fed. Cir. 2012) ("There is no statutory support for [appellant's] arguments that § 831.303(a) retroactively converted creditable service into covered service or otherwise changed who qualified for an annuity."); *see also Dela Rosa*, 583 F.3d at 765 (holding that a former employee may "make a deposit only if that former employee is already covered by the CSRS.").

At all times, Mr. Dullas served in temporary and excepted service indefinite positions that were excluded from the CSRS. Although Mr. Dullas may have had more than five years of creditable service, § 831.303(a) did not convert creditable excluded positions into CSRA covered service. The only effect of § 831.303(a) is to permit persons already covered by the CSRS to include certain service when calculating the annuity. Accordingly, the Board did not err in determining that Mr. Dullas served in positions that did not constitute covered service for CSRS eligibility purposes.

We have considered Mr. Dullas' additional arguments and conclude that they do not warrant a different result.

CONCLUSION

For the foregoing reasons, this court affirms the Board's decision.

**AFFIRMED**

COSTS

No costs.