NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAIME VILLARUEL,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2018-1199

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-17-0457-I-1.

---

Decided: September 7, 2018

---

JAIME VILLARUEL, San Juan San Narciso, Zambales, Philippines, pro se.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER.

---

Before DYK, WALLACH, and HUGHES, *Circuit Judges*.

PER CURIAM.

Jaime Villaruel petitions for review of a final decision of the Merit Systems Protection Board ("Board"). The Board sustained the Office of Personnel Management's ("OPM") denial of Mr. Villaruel's application for an annuity under the Civil Service Retirement System ("CSRS"). We *affirm*.

## BACKGROUND

Mr. Villaruel was employed as a painter for the U.S. Naval Ship Repair Facility in Subic Bay, Philippines from April 10, 1969, to November 8, 1969, and then from January 11, 1971, through March 21, 1992. His employment in 1969 was a temporary part-time excepted appointment; from January 11, 1971, to June 26, 1976, it was a term excepted appointment; and from June 27, 1976, through March 21, 1992, it was a continuous and indefinite excepted appointment. The only appointment form (SF-50) in Mr. Villaruel's record indicates his retirement code as "4-None."

On September 3, 2016, Mr. Villaruel filed an application for deferred retirement under the CSRS seeking an annuity for his civilian service from April 10, 1969, through March 21, 1992. On February 1, 2017, OPM denied his request, determining that Mr. Villaruel was not entitled to an annuity because "none of [his] service was covered service" under the Civil Service Retirement Act ("CSRA"). App'x 19.

Mr. Villaruel appealed OPM's decision to the Board. A Board Administrative Judge ("AJ") affirmed the denial, concluding that none of Mr. Villaruel's service constituted "covered service" under the CSRA and that 5 C.F.R. § 831.303(a) did not otherwise entitle him to an annuity for his "creditable service." Mr. Villaruel did not request full Board review of the AJ's decision, and thus the initial decision became the final decision of the Board.

Mr. Villaruel seeks review in this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of this court's review of a Board decision is limited. We only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). An individual who applies to OPM for retirement benefits must prove entitlement to the benefits by a preponderance of the evidence. 5 C.F.R. 1201.56(b)(2)(ii).

"To qualify for a civil service retirement annuity, a government employee ordinarily must complete at least five years of creditable service, and at least one of the two years prior to separation must be 'covered service,' i.e., service that is subject to the [CSRA]." *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007); 5 U.S.C. § 8333(a)–(b). Although nearly all federal service is "creditable service," it has long been established that temporary, term, and indefinite excepted appointments are not "covered service." *See Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 518–19 (Fed. Cir. 1995) (interpreting 5 C.F.R. § 831.201(a)). Although *Rosete* did not address the regulation on which Mr. Villaruel relies (5 C.F.R. § 831.303(a)), this court has since held that § 831.303(a) did not "alter the definition of covered service, or convert creditable service into covered service." *Lledo v. Office of Pers. Mgmt.*, 886 F.3d 1211, 1213–14 (Fed. Cir. 2018).[1]

---

[1]    Before *Lledo*, numerous non-precedential decisions of this court similarly held that 5 C.F.R. § 831.303(a) does not change the requirements for estab-

Instead, the regulation merely "allows those *already covered* by the [CSRA] to include certain creditable service in calculating the[ir] annuity." *Id.* at 1214 (citation omitted).

Mr. Villaruel only served in temporary, term, and indefinite excepted appointments during his civilian service (1969 to 1992). Even if his service constituted "creditable service," the Board properly determined that none of his service constituted "covered service." Because Mr. Villaruel failed to establish that he performed "covered service" during his employment, particularly during one of the last two years preceding his separation in 1992, and because § 831.303(a) is not a basis for coverage under the CSRA, Mr. Villaruel is not entitled to a CSRS retirement annuity. *See Lledo*, 886 F.3d at 1214; 5 U.S.C. § 8333(b).

We have considered Mr. Villaruel's additional arguments and find them similarly without merit.

**AFFIRMED**

Costs

No costs.

---

lishing coverage under the CSRA. *See e.g., Dullas v. Office of Pers. Mgmt.*, 708 F. App'x 672, 674 (Fed. Cir. 2017); *Hocson v. Office of Pers. Mgmt.*, 662 F. App'x 922, 924–25 (Fed. Cir. 2016); *Garcia v. Office of Pers. Mgmt.*, 660 F. App'x 930, 932 (Fed. Cir. 2016); *Dominico v. Office of Pers. Mgmt.*, 626 F. App'x 270, 272–73 (Fed. Cir. 2015); *Orcino v. Office of Pers. Mgmt.*, 482 F. App'x 586, 588 (Fed. Cir. 2012); *Fontilla v. Office of Pers. Mgmt.*, 482 F. App'x 563, 565 (Fed. Cir. 2012); *Aquino v. Office of Pers. Mgmt.*, 451 F. App'x 941, 944 (Fed. Cir. 2011); *Rosimo v. Office of Pers. Mgmt.*, 448 F. App'x 60, 62 (Fed. Cir. 2011).