NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEONARDO V. REBOJA,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2018-1615

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-17-0676-I-1.

---

Decided: October 5, 2018

---

LEONARDO V. REBOJA, San Narciso, Zambales, Philippines, pro se.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR., CHAD A. READLER.

---

Before NEWMAN, LOURIE, and STOLL, *Circuit Judges*.

PER CURIAM.

Leonardo V. Reboja appeals from a final decision of the Merit Systems Protection Board ("the Board") affirming the Office of Personnel Management's ("OPM") denial of his request for annuity benefits under the Civil Service Retirement System ("CSRS"). *See Reboja v. Office of Pers. Mgmt.*, No. SF-0831-17-0676-I-1, 2017 MSPB LEXIS 5403, at *16–17 (M.S.P.B. Dec. 22, 2017) ("*Decision*"). For the reasons that follow, we *affirm*.

## BACKGROUND

Reboja worked at the ship repair facility on the U.S. Naval Base in Subic Bay, Philippines from June 2, 1972 to November 16, 1990. At the time of Reboja's termination, he had been employed in a number of not-to-exceed and indefinite appointments as a Pipefitter Helper, Pipecoverer and Insulator Helper/Intern, and Pipecoverer and Insulator. His federal service totaled 17 years, 5 months, and 25 days.

During his employment, Reboja's personnel forms ("SF-50") listed his retirement plan as "Other" or "None" and his annuitant indicator as "Not Applicable." Resp't's App. ("R.A.") 22–45. No deductions were withheld from his pay for the CSRS. The SF-50 issued at Reboja's resignation indicates that he was entitled to lump-sum benefits equivalent to 60 percent of 17 months basic pay based on his creditable service pursuant to the collective bargaining agreement ("CBA") of January 17, 1990. *Id.* at 22.

On May 4, 2017, Reboja filed an application for a deferred retirement, which included a request for a spousal "reduced annuity." R.A. 20. OPM denied his claim, explaining that, while Reboja had performed civilian service, he never "served in a position subject to the Civil Service Retirement Act," and was, therefore, not entitled "to benefits under the Civil Service Retirement Sys-

tem . . . or a civil service annuity." R.A. 46. OPM also explained that Reboja could not make deposits to cover his non-deduction service because he was not a current employee in a covered position. Reboja appealed to the Board. *Id.*

On December 22, 2017, the Administrative Judge ("AJ") issued an initial decision affirming OPM's determination. *See generally Decision*, 2017 MSPB LEXIS 5403. The AJ first concluded that Reboja was not a current federal employee and was ineligible to make deposits for creditable, covered service between 1972 and 1990 under 5 U.S.C. § 8332(c). *Id.* at *16. The AJ accepted Reboja's time in indefinite or permanent appointment as creditable. *Id.* Nonetheless, the AJ found that Reboja was not entitled to an annuity because his service was never covered under the Civil Service Retirement Act ("CSRA"). *Id.* at *16–17. The AJ also rejected Reboja's argument that the CBA was not "federally enacted" and could not operate to preclude his entitlement to an annuity. *Id.* at *13. Reboja did not request full Board review of the initial decision. *See* R.A. 1. Accordingly, the initial decision became the final decision of the Board on January 26, 2018. *Decision*, 2017 MSPB LEXIS 5403 at *17–18.

Reboja appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The petitioner has the burden of proof of establishing entitlement to the benefit he seeks by a preponderance of the evidence. *See* 5 C.F.R.

§ 1201.56(b)(2); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986).

Reboja argues that the AJ erred by failing to consider and accept his argument that 5 C.F.R. § 831.303(a) entitles him to an annuity. Pet'r's Br. 1–2. Reboja contends that § 831.303(a) provides for a "deduction in an annuity and excuse[s] the employee's failure to make deposit into the CSRS" for "noncontributory service performed before October 1, 1982." *Id.* at 2.

The government responds that the AJ did not need to address Reboja's § 831.303(a) argument once it had determined that Reboja did not serve in a position covered under the CSRA. Resp't's Br. 5–6. The government also submits that § 831.303(a) does not convert creditable service into covered service. *Id.* at 6. Instead, according to the government, § 831.303(a) merely provides that creditable civilian service rendered after July 31, 1920 and prior to October 1, 1982 for which retirement deductions were not taken be included in determining length of service for an annuity calculation and that, if deposits for such service are not made, the resulting annuity be reduced by ten percent of the amount that should have been deposited. *Id.* at 6–7.

We agree with the government that the AJ did not err in affirming OPM's denial of Reboja's request for an annuity. To be eligible for a CSRS annuity, an employee must complete five years of civilian service and at least one of the last two years of that service must be "covered" service, *i.e.*, service that is subject to the CSRA. *See* 5 U.S.C. § 8333; *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir. 1995). "[M]ost service as an employee of the federal government is creditable service," but "service that is creditable service is not necessarily covered service." *Herrera v. United States*, 849 F.2d 1416, 1417 (Fed. Cir. 1988). Covered service is more limited in scope and refers to appointments that are "subject to the CSRA and

for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund." *Rosete*, 48 F.3d at 516.

The AJ correctly determined that Reboja's federal service was excluded from CSRA coverage because none of Reboja's SF-50 forms indicated that his service was covered, because CSRS contributions were not deducted from his pay, and because he was paid a lump-sum severance benefit in accordance with the CBA. *See Decision*, 2017 MSPB LEXIS 5403, at *12. Thus, the AJ correctly determined that Reboja is not eligible for a CSRS annuity because his appointment was not covered service.

Section 831.303(a) does not compel a different result. As this court has held previously, § 831.303(a) does not alter the definition of covered service or convert creditable service into covered service. *See Lledo v. Office of Pers. Mgmt.*, 886 F.3d 1211, 1214 (Fed. Cir. 2018) (concluding that "§ 831.303(a) does not alter the definition of covered service, or convert creditable service into covered service" (citations omitted)); *see also Dullas v. Office of Pers. Mgmt.*, 708 F. App'x 672, 674 (Fed. Cir. 2017); *Rosimo v. Office of Pers. Mgmt.*, 448 F. App'x 60, 62 (Fed. Cir. 2011). Because § 831.303(a) does not convert Reboja's service into covered service, the AJ did not err in affirming OPM's determination that Reboja is not entitled to an annuity.

CONCLUSION

For the foregoing reasons, we *affirm* the Board's decision.

**AFFIRMED**

COSTS

No costs.