NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROLANDO A. LABIO,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2018-1796

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-18-0026-I-1.

---

Decided: November 7, 2018

---

ROLANDO A. LABIO, San Juan, San Narciso, Zambales, Philippines, pro se.

DAVID PEHLKE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR., JOSEPH H. HUNT.

---

Before NEWMAN, LOURIE, and CLEVENGER, *Circuit Judges.*

PER CURIAM.

Pursuant to 5 U.S.C. § 7703(b)(1), Rolando Labio petitions for review of the final decision of the Merit Systems Protection Board ("Board"), which affirmed a reconsideration decision by the Office of Personnel Management ("OPM") denying his May 11, 2017, application for deferred annuity. *Labio v. Office of Pers. Mgmt.*, No. SF–0831–18–0026–I–1 (M.S.P.B. Feb. 1, 2018). We *deny* Mr. Labio's petition.[1]

I

Mr. Labio was employed as a civilian by the Department of the Navy in Subic Bay, Philippines from September 27, 1966, through July 17, 1992. In order to qualify for a deferred annuity, a federal employee must have performed at least five years of creditable civilian service, and must have served at least one of his last two years of federal service in a covered position, meaning one that is subject to the Civil Service Retirement Act. *See* 5 U.S.C. § 8333(a)–(b); *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007).

OPM denied Mr. Labio's application, initially and on reconsideration, on the ground that Mr. Labio cannot

---

[1]    Mr. Labio petitions this Court for review of the Board's final decision, pursuant to 5 U.S.C. § 7703(a)(1) and (b)(1) (stating that an employee adversely affected by a final order or decision of the Board may obtain judicial review by filing a petition to review the final order or decision). We have jurisdiction to decide the merits of his petition pursuant to 28 U.S.C. § 1295(a)(9), which specifies that Mr. Labio's appeal to this Court is only by way of 5 U.S.C. § 7703(b)(1).

qualify for a deferred annuity because his records show that he was never employed in a position that is subject to the Civil Service Retirement Act. In other words, his employment record shows that he lacks the required service in a covered position.

The Board's Administrative Judge's decision, which became final on March 8, 2018, affirmed OPM's conclusion. Because Mr. Labio's federal employment records reveal no service in a covered position, the Board held that Mr. Labio fails to qualify for a deferred annuity. The Board's decision considered and rejected an argument made by Mr. Labio that a regulation, namely 5 C.F.R. § 831.303(a), serves to convert service in a creditable position into service in a covered position, and thereby entitles Mr. Labio to a deferred annuity, albeit a reduced one. That argument was rejected because, in the Board's view, the cited regulation deals with length of service determinations for purposes of annuity computation, not annuity entitlement.

Mr. Labio timely petitioned this Court for review of the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9). The scope of our appellate review, however, is limited: we must affirm the Board's final decision unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, obtained without procedures required by law rule or regulation having been followed, or unsupported by substantial evidence. *Grover v. Office of Pers. Mgmt.*, 828 F.3d 1378, 1382 (Fed. Cir. 2016) (citing 5 U.S.C. § 7703(c)). As the Board's final decision in this case satisfies none of those tests, we affirm the Board's final decision and therefore deny Mr. Labio's petition for review.

## II

Mr. Labio does not challenge his employment record: on its face, it shows no covered service. Again, he relies

on 5 C.F.R. § 831.303(a) to convert non-covered service into covered service. The Board's final decision noted that this Court previously rejected Mr. Labio's § 831.303(a) argument in our non-precedential decision in *Fontilla v. Office of Personnel Management*, 482 F. App'x 563, 564–65 (Fed. Cir. 2012). We also rejected that argument in *Rosimo v. Office of Personnel Management*, 448 F. App'x 60, 62 (Fed. Cir. 2011), and yet again in *Garcia v. Office of Personnel Management*, 660 F. A'ppx 930, 932 (Fed. Cir. 2016). We recently issued our precedential opinion in *Lledo v. Office of Personnel Management*, 886 F.3d 1211 (Fed. Cir. 2018), which endorses our previous nonprecedential decisions, and squarely rejects any notion that the cited regulation bears on entitlement to a deferred annuity under 5 U.S.C. § 8333(a)–(b). *Id.* at 1214.

Because Mr. Labio's petition for review depends on his unavailing § 831.303(a) argument, and because the record demonstrates that he otherwise fails to qualify for a deferred annuity, we affirm the Board's final decision and deny Mr. Labio's petition for review.

## PETITION DENIED

### COSTS

No costs.