# United States Court of Appeals for the Federal Circuit

---

**TITO C. LLEDO,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2017-1717

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-16-0799-I-1.

---

Decided: March 28, 2018

---

TITO C. LLEDO, San Narcisco, Zambales, Philippines, pro se.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before NEWMAN, WALLACH, and CHEN, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Tito C. Lledo appeals the decision of the Merit Systems Protection Board ("Board") that affirmed the Office of Personnel Management's ("OPM") reconsideration decision, denying his application for deferred retirement and his request to make a deposit in the Civil Service Retirement and Disability Fund ("CSRDF"). *Lledo v. Office of Pers. Mgmt.*, MSPB Docket No. SF-0831-16-0799-I-1, 2016 WL 7667554 (Jan. 6, 2017) ("Board Op."). The Board's decision is in accordance with law, and is affirmed.

## BACKGROUND

From 1968 to 1991, Mr. Lledo was employed by the United States at the U.S. Navy Public Works Center in Subic Bay, Philippines. His initial position was as an "Apprentice (electrician)"—a position designated as "excepted service – indefinite appointment." Mr. Lledo resigned with the designated severance pay on November 13, 1991. During his 23 years as a Navy employee, Mr. Lledo worked in various positions, culminating in a final position as a Telephone Installation and Repair Foreman I.

On March 31, 2014, Mr. Lledo filed an application for deferred retirement benefits under the Civil Service Retirement System ("CSRS"), and requested to make a post-employment deposit into the CSRDF. The OPM denied the application and deposit request. Mr. Lledo appealed to the Board, arguing that he was entitled to CSRS benefits under 5 C.F.R. § 831.303(a) and "based upon [his] non-deduction service ending involuntarily [on] September 30, 1982." Resp't's App. 20 (explanation at section 25 of OPM form); *see also* Board Op. at 4–5.

The Board's administrative judge affirmed OPM's denial, stating that "all of [Mr. Lledo's] appointments with the Navy, including his final position, were either not-to-exceed ("NTE") appointments or indefinite appointments in the excepted service." Board Op. at 2. The administra-

tive judge affirmed the OPM decision, stating that "[w]hile [Mr. Lledo] has shown that he had sufficient creditable federal service, he has failed to show that any of that service was performed in a position covered under the [Civil Service Retirement Act]." Board Op. at 6. This initial decision became the Board's final decision, and Mr. Lledo appeals.

## DISCUSSION

We review a decision of the Board to determine whether it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1366 (Fed. Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Simpson v. Office of Pers. Mgmt.*, 347 F.3d 1361, 1364 (Fed. Cir. 2003) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)).

Pursuant to 5 U.S.C. § 8333(a)–(b), to qualify for a CSRS retirement annuity, an employee must have performed at least five years of creditable civilian service, and must have served at least one of his last two years of federal service in a covered position—i.e., service that is subject to the Civil Service Retirement Act. *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007); *Casilang v. Office of Pers. Mgmt.*, 248 F.3d 1381, 1382 (Fed. Cir. 2001). While nearly all federal service is creditable service, covered service is a narrower subset of federal service. *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir. 1995); *see also Aquino v. Office of Pers. Mgmt.*, 451 F. App'x 941, 942 (Fed. Cir. 2011). Temporary, intermittent, term, and excepted indefinite appointments are not covered positions. 5 C.F.R. § 831.201(a); *Quiocson*, 490 F.3d at 1360.

The Board found that Mr. Lledo's employment was creditable civilian service. Board Op. at 6. However, the Board also found that Mr. Lledo did not ever serve in a covered position, citing the requirement for covered service in one of his last two years of federal service, that is, during the period between November 13, 1989 and November 13, 1991. *See id.* at 4. The Board specifically observed that "all of [Mr. Lledo's] appointments with the Navy, including his final position, were either not-to-exceed ('NTE') appointments or indefinite appointments in the excepted service." *Id.* at 2; s*ee also id.* at 5 (discussing how Mr. Lledo's appointment forms supported this conclusion). The Board further observed that the absence of any appointment forms "indicating that [Mr. Lledo] was in a covered position combined with the evidence that he was not required to contribute to the [CSRD] Fund while he was employed with the Federal government, and evidence that he was provided severance pay at his resignation" led the Board to conclude that Mr. Lledo was never in a "covered position." Board Op. at 5. Mr. Lledo has not disputed these findings. *See* Resp't's App. 19 (indicating in section 6 of the OPM form that Mr. Lledo's appointment is "Excepted"). Because substantial evidence supports the Board's conclusion that Mr. Lledo's service was excluded from CSRDF coverage, the decision that Mr. Lledo is not entitled to CSRS benefits is in accordance with law. *See Quiocson*, 490 F.3d at 1360 ("Mr. Quiocson's appointment forms indicate that his positions were not covered by the CSRS and that no CSRS retirement contributions were withheld from his pay. Mr. Quiocson was covered by a different retirement system, the FEPI. His receipt of benefits under a non-CSRS plan indicates that his service was not covered under the CSRS."); *Hocson v. Office of Pers. Mgmt.*, 662 F. App'x 922, 923 (Fed. Cir. 2016).

In this appeal, Mr. Lledo focuses on his service on and before September 30, 1982, and the provisions of 5 C.F.R.

§ 831.303(a). This regulation permits an employee engaged in creditable civilian service before October 1, 1982, for which retirement deductions were not taken, to elect to make a deposit according to 5 U.S.C. § 8334(c) or otherwise have his annuity reduced. Mr. Lledo argues that § 831.303(a) and its mention of an annuity means that an employee engaged in creditable civilian service prior to October 1, 1982 was deemed engaged in covered service and eligible for CSRS benefits. It is not disputed that Mr. Lledo was engaged in creditable civilian service before October 1, 1982; he argues that § 831.303(a) converted his creditable service into covered service despite the exceptions to covered service stated in § 831.201(a).

In *Rosimo v. Office of Personnel Management,* 448 F. App'x 60, 62 (Fed. Cir. 2011), this court discussed a similar situation:

> Mr. Rosimo's argument that 5 C.F.R. § 831.303(a) allows him to convert his "creditable service" into "covered service" is unavailing. Section 831.303(a), by its terms, only applies to "an employee," and allows periods of "creditable civilian service" to be "included in determining length of service to compute annuity." Section 831.303(a) thus allows an employee who qualifies for an annuity to include certain periods of creditable service in the calculation. Mr. Rosimo, however, lacks "covered service," not "creditable service," so 5 C.F.R. § 831.303(a) does not help him.

Similarly, in *Fontilla v. Office of Personnel Management*, 482 F. App'x 563, 565 (Fed. Cir. 2012), this court held:

> 5 C.F.R. § 831.303(a) allows those *already covered* by the Act to include certain creditable service in calculating the annuity. There is nothing in the language of 5 C.F.R. § 831.303(a) to support the argument that it retroactively converted "creditable service" into "covered service" or changed who

qualified for an annuity. Section 831.303(a) . . . cannot circumvent the covered service requirement of 5 U.S.C. § 8333(b). Because 5 C.F.R. § 831.303(a) is inapplicable to Fontilla, he cannot rely on it either to deem his creditable service to be covered service or to waive any deposit requirement.

Mr. Lledo's argument is similarly foreclosed, for § 831.303(a) does not alter the definition of covered service, or convert creditable service into covered service. *See Dullas v. Office of Pers. Mgmt.*, 708 F. App'x 672, 674 (Fed. Cir. 2017); *Hocson*, 662 F. App'x at 924–25; *Garcia v. Office of Pers. Mgmt.*, 660 F. App'x 930, 931–32 (Fed. Cir. 2016).

Mr. Lledo's creditable service between 1968 and September 30, 1982 is also not the relevant time period for the calculation of covered service, for the relevant period under 5 U.S.C. § 8333(a)–(b) is the last two years of Mr. Lledo's employment. Section 831.303(a) does not change the relevant time period during which Mr. Lledo needed to have served in a "covered position" or the fact that Mr. Lledo never served in a covered position during the critical time period to receive a CSRS retirement annuity.

## CONCLUSION

We have considered all of Mr. Lledo's arguments in light of the applicable law. Since Mr. Lledo did not serve in a "covered position" during the required time period, the judgment of the Board must be affirmed.

## **AFFIRMED**

### COSTS

No costs.