NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DELFIN E. ECLARIN,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2018-2425

_____

Petition for review of the Merit Systems Protection Board in No. SF-0831-17-0672-I-1.

_____

Decided: June 5, 2019

_____

DELFIN E. ECLARIN, San Narciso, Zambales, Philippines, pro se.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, DEBORAH ANN BYNUM, AUSTIN FULK, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before CHEN, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Delfin Eclarin appeals the decision of the Merit Systems Protection Board (Board) affirming a determination by the Office of Personnel Management (OPM) that he does not qualify for a Civil Service Retirement System (CSRS)[1] annuity. Because the Board's decision is in accordance with the law and supported by substantial evidence, we *affirm*.

## BACKGROUND

Mr. Eclarin was employed by the U.S. Department of the Navy in Subic Bay, Philippines, from August 15, 1957, to April 18, 1963, and then from August 17, 1966, to August 24, 1992. SAppx2–3.[2] From August 15, 1957, to April 18, 1963, he was employed in an indefinite appointment as a Pumping Plant Operator and then as an Engine & Pump Operator. SAppx2, 40. On April 18, 1963, he was terminated as part of a reduction in force (RIF) with severance pay. *Id.* On August 17, 1966, he was rehired via appointment as a Driver, a position he held on a full-time basis until August 16, 1991, and then on a part-time basis until termination via RIF on August 24, 1992. SAppx3, 36.

The separation notice that issued at Mr. Eclarin's termination on April 18, 1963, indicated that he served under an indefinite position. SAppx2, 40. Mr. Eclarin's personnel forms listed his retirement coverage as "[]None" and noted that he received a lump-sum payment for unused annual

---

[1]    The CSRS is the retirement benefits system established under the Civil Service Retirement Act (CSRA), Pub. L. No. 64–584, 70 Stat. 736 (1956); 5 U.S.C. § 8333 (2012).

[2]    Only one appendix was provided, by the Government, labeled "Supplemental Appendix." Because it was not joined by the Appellant, we will refer to citations within it with the given prefix "SAppx" and not J.A.

leave under the Filipino Employment Personnel Instructions (FEPI). SAppx2–3, 40. The August 1991 notification reducing his work schedule to part-time indicates that he was entitled to severance pay equal to one month's pay for each year served in accordance with FEPI. SAppx3, 36. During his service from 1957–1963 and 1966–1992, no contributions from his pay were made to the Civil Service Retirement and Disability Fund. SAppx7.

On April 20, 2017, Mr. Eclarin applied for a deferred retirement annuity under the CSRS for his period of service from August 15, 1957, to April 18, 1963.[3] SAppx31–33. OPM denied his application for lack of "covered service." SAppx29–30. Mr. Eclarin appealed to the Board, which affirmed OPM's decision. SAppx1. The Board found that Mr. Eclarin's service from August 15, 1957, to April 18, 1963 was under an indefinite appointment that was excluded from CSRA coverage. SAppx7, 15. The Board also rejected Mr. Eclarin's argument that an OPM regulation, 5 C.F.R. § 831.303(a), retroactively implemented automatic coverage despite lack of deposits into the CSRS. SAppx11–12, 26. Finally, the Board rejected Mr. Eclarin's argument that OPM committed harmful procedural errors in its decision. SAppx13–14, 26.

Mr. Eclarin appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our authority to review a decision of the Board is limited by statute. We will set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without

---

[3] Mr. Eclarin previously applied for deferred retirement annuity under CSRS for his period of service from 1966–1992. SAppx3–4. OPM denied that application and Mr. Eclarin did not appeal. *Id.*

procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Grover v. Office of Pers. Mgmt.*, 828 F.3d 1378, 1382 (Fed. Cir. 2016). An individual who applies to OPM for retirement benefits must prove entitlement to the benefits by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2).

"To qualify for a civil service retirement annuity, a government employee ordinarily must complete at least five years of creditable service, and at least one of the two years prior to separation must be 'covered service,' i.e., service that is subject to the [CSRA]." *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007); 5 U.S.C. § 8333. "[M]ost service as an employee of the federal government is creditable service," but "service that is creditable service is not necessarily covered service." *Herrera v. United States*, 849 F.2d 1416, 1417 (Fed. Cir. 1988). Covered service is more limited in scope and refers to appointments that are "subject to the CSRA and for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund." *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir. 1995). Service in an indefinite appointment is excluded from CSRS coverage under OPM regulations. *Quiocson*, 490 F.3d at 1360; 5 C.F.R. § 831.201(a).

The record shows that Mr. Eclarin served in an indefinite appointment from August 15, 1957, to April 18, 1963. SAppx40. But no evidence suggests that he served in a position covered by the CSRA. None of his personnel forms indicate his service was covered, and he offers no evidence that the forms contain errors or are otherwise incomplete. SAppx2–3. Further, nothing in the record shows that CSRS retirement benefit contributions were ever deducted from his pay. SAppx7. Finally, the two retirement plans, CSRS and FEPI, are mutually exclusive. *See* 5 U.S.C. § 8331(1)(ii). The severance pay Mr. Eclarin received under the FEPI indicates that he was covered under a retirement

system other than the CSRS, which is evidence that he was not in covered service. SAppx36, 40.

Mr. Eclarin does not challenge these factual findings. Despite lacking "covered service," he nevertheless argues that § 831.303(a) entitles him to "a reduced annuity" based solely on his creditable service and excuses his failure "to deposit money" into the CSRS. Appellant's Informal Br. at 1. But as this court has already held, § 831.303(a) does not "alter the definition of covered service, or convert creditable service into covered service." *Lledo v. Office of Pers. Mgmt.*, 886 F.3d 1211, 1213–14 (Fed. Cir. 2018). Instead, the regulation merely "allows those *already covered* by the [CSRA] to include certain creditable service in calculating the[ir] annuity." *Id.* at 1214 (emphasis in original). Because § 831.303(a) is not an independent basis for coverage under the CSRA, the Board did not err in affirming OPM's determination that Mr. Eclarin is not entitled to an annuity. *See id.*

We have considered Mr. Eclarin's remaining arguments and find them unpersuasive. Accordingly, we *affirm*.

**AFFIRMED**

COSTS

No costs.