NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERNESTO N. APIAG,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2022-2270

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-16-0465-I-1.

---

Decided: September 7, 2023

---

ERNESTO N. APIAG, San Narciso, Zambales, Philippines, pro se.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

---

Before REYNA, TARANTO, and STARK, *Circuit Judges*.

PER CURIAM.

Ernesto N. Apiag appeals the decision of the Merits Systems Protection Board, finding him ineligible for deferred retirement annuity benefits under the Civil Service Retirement System ("CSRS"). Because Mr. Apiag never held a position covered under the Civil Service Retirement Act prior to his retirement, he is ineligible for a CSRS annuity. We affirm.

## BACKGROUND

Mr. Apiag worked at the United States Naval Station in Subic Bay, Philippines, in various positions from June 1972 until his involuntary termination in June 1987. Appx24–32.[1] Mr. Apiag's Notice of Personnel Action Standard Forms 50 ("SF-50s") show that, throughout his service period, he served under not-to-exceed and indefinite excepted appointments.[2] *See id.* The SF-50s further designate Mr. Apiag's retirement plan eligibility as "None" or "Other." *See id.* (listing retirement code as "4" or "5"). No retirement deductions were withheld from his pay. *See* Petitioner's Informal Br. 5, 12 (conceding that he did not make a "deposit" during the time of his employment). Upon termination, Mr. Apiag received fourteen months of severance pay, in accordance with Filipino Employment Personnel Instruction ("FEPI"). Appx32.

---

[1]   "Appx" refers to the appendix attached to Respondent's Informal Brief.

[2]   A not-to-exceed appointment is a temporary appointment for a limited time, which is excluded from civil service retirement coverage. *See* 5 C.F.R. § 831.201(a); *see also id.* § 316.401(c). An indefinite appointment refers to a nonpermanent appointment for an unlimited period of time, also excluded from civil service retirement coverage. *See id.* § 831.201(a)(13); *see also Rosete v. Off. of Pers. Mgmt.*, 48 F.3d 514, 519 (Fed. Cir. 1995).

On August 15, 2013, Mr. Apiag signed an application requesting retirement annuity benefits under the Civil Service Retirement System ("CSRS"). Appx33–34 (Mr. Apiag's Application for Deferred Retirement). The United States Office of Personnel Management ("OPM") denied Mr. Apiag's request on the grounds that he did not serve in a covered position under the Civil Service Retirement Act ("the Act") and was not eligible to make a CSRS deposit. *See* Appx14. Mr. Apiag appealed to the Merits Systems Protection Board ("the Board"). *Id.*

On July 26, 2016, an Administrative Judge issued an initial decision affirming the OPM's denial of Mr. Apiag's request for CSRS retirement benefits. *See* Appx13, 18. On July 22, 2022, the Board denied Mr. Apiag's petition for review of the initial decision and affirmed the initial decision. Appx1–2, 7. The initial decision therefore became the Board's final decision. Appx2, 7.

In affirming the initial decision, the Board explained that Mr. Apiag served under a series of excepted-service appointments, which are excluded from CSRS coverage. Appx2, 5. The Board rejected Mr. Apiag's argument that 5 C.F.R. § 831.303(a) "converted his creditable service" into "covered service." Appx6. According to the Board, Section 831.303(a) governs computation of annuity for "those already covered by the CSRS" and it does not "create[] an entitlement to coverage" for those who are excluded from coverage, like Mr. Apiag. Appx6–7. The Board concluded that because Mr. Apiag never served in a covered position, he was ineligible for a CSRS annuity. Appx7.

Mr. Apiag appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

Our review of the Board's decision is limited by statute. We may only set aside agency actions, findings, or conclusions if we find them to be "(1) arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The petitioner bears the burden of proving entitlement to the benefit he seeks by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(b)(2); *Cheeseman v. Off. of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986).

## DISCUSSION

Mr. Apiag argues that the Board erred in determining he was ineligible for a CSRS annuity because it should have determined that 5 C.F.R § 831.303(a) entitles him to such benefits.[3] Petitioner's Informal Br. 2, 5. We disagree.

There are two kinds of federal service relevant to determining whether an individual is entitled to a CSRS

---

[3]    Section 831.303(a) provides that,

> Periods of creditable civilian service performed by an employee or Member after July 31, 1920, but before October 1, 1982, for which retirement deductions have not been taken shall be included in determining length of service to compute annuity . . .; however, if the employee, Member, or survivor does not elect either to complete the deposit describe[d] by section 8334(c) of title 5, United States Code, or to eliminate the service from annuity computation, his or her annuity is reduced by 10 percent of the amount which should have been deposited (plus interest) for the period of noncontributory service.

5 C.F.R. § 831.303(a).

retirement annuity: creditable service and covered service. *Rosete v. Off. of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir. 1995). While nearly all federal service is creditable, not all service is covered. *Id.* Covered service only includes appointments "subject to" the Act and for which employees must deposit a portion of their pay into the Civil Service Retirement and Disability Fund. *Id.*

To qualify for a CSRS annuity, an employee must have completed at least five years of creditable service and must have served one of his last two years in a covered service position. 5 U.S.C. § 8333(a)–(b); *Quiocson v. Off. of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). Temporary, intermittent, term, and excepted indefinite appointments are excluded from the Act's coverage. 5 C.F.R. § 831.201(a); *see also Quiocson*, 490 F.3d at 1360.

The regulations permit those who are covered by the Act to include certain periods of creditable service in calculating their annuity. 5 C.F.R. § 831.303(a); *see Lledo v. Off. of Pers. Mgmt.*, 886 F.3d 1211, 1214 (Fed. Cir. 2018) (discussing application of 5 C.F.R. § 831.303(a)). Section 831.303(a), however, "cannot circumvent the covered service requirement of 5 U.S.C. § 8333(b)," which is a prerequisite for an individual to qualify for a CSRS retirement annuity. *Lledo*, 886 F.3d at 1214 (quoting *Fontilla v. Off. of Pers. Mgmt.*, 482 F. App'x 563, 565 (Fed. Cir. 2012)). This section "does not alter the definition of covered service, or convert creditable service into covered service." *Id.*

We hold that substantial evidence supports the Board's conclusion that Mr. Apiag never held a covered service position under the Act, and he is therefore ineligible for a CSRS annuity. Mr. Apiag's SF-50s show that he served exclusively under temporary and indefinite excepted-service appointments, which are excluded from the Act's

coverage.[4]  *See* Appx24–32.  His SF-50s designate his retirement plan as "None" or "Other," which reflects a lack of participation in the CSRS system.  *Id.*; *see Rosete*, 48 F.3d at 520 (explaining that listings of "none" or "other" reflect a lack of civil service retirement coverage).

In addition, as the Board pointed out, the absence of any retirement deductions from Mr. Apiag's pay also shows that he never served in a covered position.  Appx5; *see also* Appx24–32.  Mr. Apiag received retirement benefits under the FEPI, a separate retirement system.  Appx32.  This further supports the Board's determination that his service was not covered under the CSRS.  *See Quiocson*, 490 F.3d at 1360 (finding that an individual's receipt of benefits under a non-CSRS plan indicates his service was not covered under the CSRS).

The Board concluded that Mr. Apiag's reliance on 5 C.F.R. § 831.303(a) was misplaced because the cited regulation does not "create[] an entitlement to coverage or a deposit under the CSRS for employees, such as [Mr. Apiag], who are excluded from coverage."  Appx6–7.  We agree.  Mr. Apiag asserts that § 831.303(a) renders him eligible for "deferred annuity based upon [his] creditable civilian services without making a deposit."  Petitioner's Informal Br. 5.  In cases addressing this very issue, we have squarely rejected any notion that Section 831.303(a) creates entitlement to a CSRS retirement annuity for those excluded from coverage under the Act.  *Lledo*, 886 F.3d at 1214 (collecting cases

---

[4]    Mr. Apiag appears to argue that the "Tenure Group 1" assignment on his last SF-50 shows that his position was not excluded from CSRS coverage.  *See* Petitioner's Informal Br. 11; Appx31.  This argument fails because "[t]enure group assignments establish the order of retention during a reduction-in-force, but they do not establish that a particular position is 'covered service.'"  *Quiocson*, 490 F.3d at 1361.

rejecting reliance on Section 831.303(a) for entitlement to a CSRS annuity). Because Section 831.303(a) does not change the covered service requirement under the Act, Mr. Apiag's lack of covered service renders him ineligible for a CSRS annuity.

## CONCLUSION

We have considered Mr. Apiag's other arguments and find them unpersuasive. We discern nothing arbitrary, capricious, or otherwise erroneous with the Board's decision. The judgment of the Board is therefore affirmed.

## **AFFIRMED**

### COST

No costs.