**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LYNDA DE SAN JUAN
   RESUMADERO,
       Appellant,

     v.

OFFICE OF PERSONNEL
   MANAGEMENT,
       Agency.

DOCKET NUMBER
SF-0831-22-0093-I-1

DATE: May 7, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rufus F. Nobles, I</u>, Zambales, Philippines, for the appellant.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) denying her application for survivor annuity benefits under the Civil Service Retirement System (CSRS). The administrative judge found that the appellant failed to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

timely request reconsideration of OPM's initial decision denying her application for survivor benefits under CSRS. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and AFFIRM OPM's decision on the merits.

## BACKGROUND

This case concerns the appellant's entitlement to survivor annuity benefits under CSRS based on the 23 years of Federal service of her deceased spouse in civilian positions with the U.S. Navy in or around Subic Bay, Philippines, over various periods spanning 1946-48 and 1960-82. Initial Appeal File (IAF), Tab 11 at 12-15, 46-48. The appellant's spouse retired in July 1982, which was classified by the Navy as a disability retirement, and received 24 months of retirement pay under the Filipino Employment Personnel Instruction (FEPI) and an applicable collective bargaining agreement. *Id.* at 16, 84. The appellant and her spouse were married in 1985, IAF, Tab 8 at 31, and, in 1986, her spouse applied for retirement under CSRS, IAF, Tab 11 at 46. OPM denied his application in initial and reconsideration decisions in 1988 and 1989, respectively. *Id.* at 40-42, 45. The appellant and her spouse remained married until his death in 2004. IAF, Tab 8 at 33-34.

This case comes to us with an unusual procedural posture. The appellant first applied for survivor annuity benefits under CSRS in March 2005. *Id.* at 26-30. In April 2005, OPM denied the appellant's application because her spouse did not complete 18 months of creditable service. *Id.* at 23-25. The 2005 denial was in the form of an initial decision and notified the appellant of the procedures for requesting reconsideration from OPM. *Id.*; *see* 5 C.F.R. § 831.109(c). During the processing of this appeal, the parties have disputed whether she sought reconsideration. The appellant has claimed that she requested reconsideration to OPM following the 2005 initial decision, IAF, Tab 12 at 1, but she also has claimed that she was not aware of receiving the 2005 initial decision,

IAF, Tab 1 at 1. OPM has asserted that the appellant did not request reconsideration following the 2005 initial decision. IAF, Tab 8 at 4-5. In any event, in September 2014, the appellant filed another application for survivor annuity benefits under CSRS. *Id.* at 8-20. OPM issued a letter in November 2014, stating the following:

> This is in reply to your request for benefits under the Civil Service Retirement System.
>
> We have verified that [your spouse] did perform Federal civilian employment ending in July 23, 1982 but no retirement deductions were withheld. A complete review of your husband's records shows that you are not eligible to receive any benefits from the Civil Service Retirement System based on the above mentioned service.
>
> A review of our records also shows that our final decision[2] on this issue was sent to you on April 29, 2005. You have received due process under the law. There is nothing further we can add.

*Id.* at 7.

In or around October 2021, the appellant filed a Board appeal arguing that OPM issued her an initial decision in 2014 and failed to respond to repeated requests for reconsideration in the years following and was thus deemed to have issued an appealable decision. IAF, Tab 1 at 1, Tab 4 at 1 (citing *Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014)). She did not request a hearing. IAF, Tab 1 at 1, Tab 2 at 1-2. OPM moved to dismiss the appeal, asserting that there were no reasonable grounds for the Board to assume jurisdiction over its April 2005 initial decision. IAF, Tab 8 at 5. The administrative judge advised that he was construing the November 2014 decision as a negative reconsideration decision that found implicitly that the appellant's September 2014 application was an untimely request for reconsideration. IAF, Tab 9 at 3. He opened the record on threshold issues, including whether the appellant showed under 5 C.F.R. § 831.109(e)(2) that either she was not notified of the time limit to request reconsideration from OPM on the April 2005 initial

---

[2] This was an error by OPM; the April 29, 2005 decision was an initial decision. IAF, Tab 8 at 23.

decision and was not otherwise aware of it, or that she was prevented by circumstances beyond her control from making the request within the time limit. *Id.* Following the parties' submissions, the administrative judge issued an initial decision on May 20, 2022, affirming OPM's November 2014 decision after finding that the appellant failed to meet her burden regarding these limited issues. IAF, Tab 23, Initial Decision (ID) at 10-11.

The appellant has filed a petition for review in which she mainly provides arguments and evidence on the merits of her claim for survivor annuity benefits under CSRS. Petition for Review (PFR) File, Tab 1 at 1-14. As her petition for review was postmarked July 11, 2022, the Office of the Clerk of the Board notified the appellant of its untimeliness, and she has submitted a motion to accept the petition for review as timely filed. PFR File, Tabs 2, 5. OPM has responded that the Board should dismiss the petition on timeliness grounds or deny it on the merits. PFR File, Tab 4.

**ANALYSIS**

<u>We vacate the administrative judge's decision because the Board has jurisdiction over the merits of the appeal.</u>

In general, the Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under CSRS only after OPM has issued a final decision, which typically means a reconsideration decision. *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994); *see* 5 U.S.C. § 8347(d)(1); 5 C.F.R. §§ 831.109(f), 831.110. OPM's regulation requires that a final decision inform the appellant of her right to appeal to the Board. 5 C.F.R. § 831.109(f). However, even if OPM does not label a decision as a final decision or provide notice of Board appeal rights, it may be deemed by the Board to have issued a final, appealable decision under certain circumstances. *See Powell v. Office of Personnel Management*, 114 M.S.P.R. 580, ¶¶ 8-9 (2010). In *Powell*, the Board found jurisdiction when OPM issued a decision on an appellant's eligibility for benefits, had not previously issued a

final or reconsideration decision, and indicated that it intended to take no further action on the appellant's case. *Id.*, ¶¶ 8-9 & n.2 (distinguishing *Muyco v. Office of Personnel Management*, 104 M.S.P.R. 557, ¶¶ 2–3, 11–12 (2007), in which the Board found that OPM's letter informing the appellant that it had nothing to add to its previously issued final decision was not a new reconsideration decision or any other type of decision). Because, as discussed below, circumstances very similar to those in *Powell* exist here, we find that the administrative judge construed the issues too narrowly.

Here, the administrative judge found that OPM's November 2014 letter constituted a decision finding that the appellant's September 2014 application for benefits was effectively an untimely request for reconsideration of OPM's April 2005 initial decision. ID at 8. We conclude, however, that OPM's November 2014 letter addressed and rejected the merits of her benefits claim—despite its statement that there was "nothing further [it could] add" to its April 2005 decision. IAF, Tab 8 at 7. More specifically, OPM stated that it performed a "complete review" of her spouse's records, which showed that she was not eligible to receive benefits. *Id.* We find that this language in OPM's November 2014 letter—although superficial—reflects a decision on the appellant's eligibility for survivor benefits under CSRS. *Id.* Thus, while OPM admits that the November 2014 letter "should have treated the appellant's second application [for survivor benefits] as an untimely request for reconsideration," it clearly did not. IAF, Tab 11 at 5.

Moreover, although OPM did not label its November 2014 letter as either an initial decision or a final decision, nor did it state the appellant's appeal rights as required under its regulations when issuing such decisions, its decision reflected that it did not intend to take further action in this case. IAF, Tab 8 at 7; *see* 5 C.F.R. § 831.109(c), (f). OPM also did not express an intent to take further action on the case in its submissions to the Board; instead, it stated that it was not opposed to the Board deciding the merits of the appellant's entitlement to the

benefits she seeks. IAF, Tab 11 at 4-5. Under these circumstances, we find that OPM's November 2014 letter constitutes an appealable final decision regarding the appellant's entitlement to benefits under CSRS. *See Powell*, 114 M.S.P.R. 580, ¶¶ 8-9. Accordingly, the Board has jurisdiction to consider the merits of the appellant's claim. *See* 5 U.S.C. § 8347(d)(1); 5 C.F.R. § 831.110.

Good cause existed for the appellant's delay in filing her initial Board appeal, and the appellant's petition for review was timely filed.

Because the November 2014 letter constitutes a final, appealable decision on the appellant's application for survivor benefits, it is immaterial whether she timely requested reconsideration from OPM on the April 2005 decision. However, there is a question whether the appellant's October 2021 appeal to the Board on the November 2014 decision was timely filed or whether good cause existed for an untimely filing.

Generally, an appellant must file an appeal with the Board no later than 30 calendar days after the effective date, if any, of the action she is challenging, or 30 calendar days after the date she receives the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b). However, when an agency takes an action that is established to be appealable to the Board, it has an obligation to notify the appellant of her Board appeal rights. *See* 5 C.F.R. § 1201.21. Absent this notification, the appellant is not required to show due diligence in discovering her appeal rights; the question is whether the appellant was diligent in filing an appeal after she learned that she could do so. *O'Leary v. Office of Personnel Management*, 86 M.S.P.R. 87, ¶ 11 (2000). The record does not reflect when the appellant believed she could file an appeal with the Board; however, the appellant claimed that she requested reconsideration from OPM on the November 6, 2014 decision on November 24, 2014, and followed up by "July 13, 1919 [sic] and . . . November 3, 1919 [sic]," before concluding that OPM's failure to issue a reconsideration decision established Board jurisdiction. IAF, Tab 1 at 1. We find that the appellant's confusion regarding the effect of the November 2014 letter

was reasonable, and we find good cause for the appellant's delay in filing her Board appeal.

Finally, we find that the appellant's petition for review, received by the Board on August 1, 2022, was timely filed. PFR File, Tab 1. We have recognized that there are frequent mail service delays between the United States and the Philippines. *See Excala v. Office of Personnel Management*, 84 M.S.P.R. 277, ¶ 3 (1999). Furthermore, the appellant has presented evidence of how such delays affected her filings by providing copies of the envelopes containing her filings bearing dated postage stamps.[3] PFR File, Tabs 1, 5. The appellant has shown that her petition for review was properly addressed to the Board and placed in the Postal Service mail stream with the correct postage on July 11, 2022. PFR File, Tab 1 at 17. Thus, we treat her petition for review as filed on July 11, 2022. *See Gaydon v. U.S. Postal Service*, 62 M.S.P.R. 198, 202 (1994). The appellant has also shown through a dated postage stamp that both she and her representative did not receive the administrative judge's May 20, 2022 initial decision until July 11, 2022, by no apparent fault of her own. PFR File, Tab 1 at 15, Tab 5 at 1-2. Thus, we find that her July 11, 2022 petition for review was timely filed. *See* 5 C.F.R. § 1201.114(e).

The appellant is not eligible for a survivor annuity.

The appellant has not requested a hearing on her appeal, and both parties have submitted evidence and argument in support of their positions on the merits.[4] IAF, Tab 11; PFR File, Tab 1. Accordingly, we find that it is unnecessary to remand this appeal to the Western Regional Office, and we have

---

[3] We find that the appellant's Motion to Accept Filing as Timely, in which she provided this evidence, was also timely filed. The postage-stamped envelope reflects that she mailed her motion on or around August 26, 2022, prior to the September 2, 2022 deadline indicated by the Board in its August 3, 2022 notice. PFR File, Tab 2 at 2, Tab 5 at 4-5.

[4] Because the appellant has not requested a hearing, she has waived her right to one. *See Wasserman v. Department of the Interior*, 66 M.S.P.R. 391, 393-94 (1995); 5 C.F.R. § 1201.24(a)(3), (e).

adjudicated the appeal on the merits. *See Gallardo v. Office of Personnel Management*, 46 M.S.P.R. 599, 601, *aff'd*, 944 F.2d 913 (Fed. Cir. 1991) (Table); *Lapenas v. Office of Personnel Management*, 44 M.S.P.R. 303, 307 (1990); *Rosales v. Office of Personnel Management*, 41 M.S.P.R. 590, 593 (1989); *see also* 5 C.F.R. § 1201.117(a)(5).

A survivor annuity is payable if the person on whose service the claim is based died while serving in a position covered by CSRS after completing at least 18 months of service, or was an annuitant who died having elected to provide a survivor annuity for his spouse. 5 U.S.C. § 8341(b), (d); *O'Brien v. Office of Personnel Management*, 66 M.S.P.R. 16, 18 (1994). The appellant's spouse died after his retirement from Federal service. IAF, Tab 11 at 16. Thus, the appellant must prove that her spouse was entitled to an annuity to establish her entitlement to a survivor annuity. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986) (reasserting that the burden of proving entitlement to a survivor annuity is on the applicant for benefits).

Pursuant to 5 U.S.C. § 8333(a)–(b), to qualify for a CSRS retirement annuity, an employee must have performed at least 5 years of creditable civilian service and must have served at least 1 year of his last 2 years of Federal service in a covered position—i.e., service that is subject to the Civil Service Retirement Act (CSRA). *Lledo v. Office of Personnel Management*, 886 F.3d 1211, 1213 (Fed. Cir. 2018). The service of employees appointed under temporary, intermittent, term, and excepted indefinite appointments has been excluded from coverage under the CSRA. *Encarnado v. Office of Personnel Management*, 116 M.S.P.R. 301, ¶ 8 (2011); 5 C.F.R. § 831.201(a). In 1989, in a final decision, OPM denied the annuity application of the appellant's spouse because he did not complete 5 years of creditable Federal service ending in separation from a position covered under CSRS. IAF, Tab 11 at 40-42. There is no evidence that the appellant's spouse appealed that decision to the Board.

Nevertheless, we have considered the issue but find that the appellant has not proven that her spouse's last 2 years of service were covered under CSRS. The appellant argues that the agency changed her spouse's classification to permanent in 1981, and he was covered for that reason. PFR File, Tab 1. We note that her spouse's Standard Form 50 (SF-50) indicates that his most recent position was a full-time, excepted appointment position under tenure group 1, which includes employees whose appointment carries no restriction. IAF, Tab 11 at 16-17, 20; *see* 5 C.F.R. § 351.502. However, despite an indication on an individual's SF-50 that his temporary appointment was converted into an appointment without limitation, the U.S. Court of Appeals for the Federal Circuit has found that an individual's service is not covered under CSRS when the SF-50s describing that service indicate that the individual was not subject to CSRS and that he received retirement pay in accordance with a collective bargaining agreement. *See, e.g., Rosete v. Office of Personnel Management*, 48 F.3d 514, 519-20 (Fed. Cir. 1995); *Lorica v. Office of Personnel Management*, 63 M.S.P.R. 253, 255-56 (1994), *aff'd*, 66 F.3d 346 (Fed. Cir. 1995) (Table); *Paderes v. Office of Personnel Management*, 63 M.S.P.R. 642, 644-45 (1994), *aff'd*, 61 F.3d 919 (Fed. Cir. 1995) (Table); *Reyes v. Office of Personnel Management*, 60 M.S.P.R. 172, 174-75 (1993), *aff'd*, 29 F.3d 645 (Fed. Cir. 1994) (Table); *see also Quiocson v. Office of Personnel Management*, 490 F.3d 1358, 1360 (Fed. Cir. 2007) (finding that receipt of benefits under a non-CSRS plan indicated that an individual's service was not covered under the CSRA). Such is the case here: the retirement system code designation on her spouse's SF-50s was consistently "5," indicating retirement coverage other than CSRS, and her spouse received benefits under a collective bargaining agreement and the FEPI. IAF, Tab 11 at 16-17, 20, 84. Furthermore, the fact that deductions were not actually withheld from pay also weighs against a finding of coverage, and the appellant does not dispute that this did not occur. PFR File, Tab 1 at 7; *see Paderes*, 63 M.S.P.R. at 645; *Lorica*, 63 M.S.P.R. at 256. Thus, we find that the

appellant has failed to carry her burden of showing that her spouse's service was covered by CSRS, and she is therefore not entitled to a survivor annuity. 5 U.S.C. § 8333(b).

In making this finding, we have considered the appellant's arguments and find them without merit. The appellant asserts that her spouse's failure to make deposits into the CSRS was sanctioned by 5 C.F.R. § 831.303(a) under its waiver provision and that the deposits were deemed to have been paid when the agency classified him as a full-time worker and thus subject to CSRS in 1981. PFR File, Tab 1 at 7; IAF, Tab 11 at 21. The Federal Circuit has explained that 5 C.F.R. § 831.303(a) does not alter the definition of covered service or convert creditable service into covered service. *See Lledo*, 886 F.3d at 1214. Rather, this regulation permits those *already covered* by the CSRA to include certain creditable service in calculating their annuity. *Id.* Thus, 5 C.F.R. § 831.303(a) is not applicable to the appellant's spouse, who did not meet the covered service requirement of 5 U.S.C. § 8333(b) for the reasons stated above.

In addition, the appellant argues that the requirement under 5 U.S.C. § 8333(b) of 1-out-of-2 years of CSRS coverage does not apply to her spouse because he retired due to disability. PFR File, Tab 1 at 11. Although the appellant is correct that the 1-out-of-2 rule does not apply when a separation is due to disability, the Navy's characterization of her spouse's separation is immaterial. There is no indication that the appellant's spouse was awarded disability retirement under CSRS, and, moreover, he would have been ineligible for such a retirement because he did not become disabled while serving in a position covered under CSRS. *See* 5 C.F.R. § 831.1203(a)(2). Accordingly, we find that OPM properly found that the appellant is not entitled to survivor annuity benefits.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.