NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MANUEL CANEDA,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2025-1329

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-22-0528-I-1.

---

Decided:  March 4, 2026

---

MANUEL CANEDA, San Narciso, Zambales, Philippines, pro se.

NATALEE A. ALLENBAUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI, BRETT SHUMATE.

---

Before LOURIE and PROST, *Circuit Judges*, and
BURROUGHS, *District Judge*.[1]

PER CURIAM.

Manuel Caneda petitions for review of a final decision
of the Merit Systems Protection Board ("the Board"). The
Board affirmed a decision of the Office of Personnel
Management ("OPM") that denied Caneda's application for
deferred retirement benefits from the Civil Service
Retirement System ("CSRS") and his request to make a
deposit into the Civil Service Retirement Fund ("CSRF") to
obtain credit for non-covered service. S.A.[2] 9–15
("*Decision*").[3] We *affirm*.

## BACKGROUND

Caneda served in an excepted service position with the
Department of Navy in the Philippines from Novem-
ber 1965 through May 1992. *Decision*, S.A. 11 (citing
S.A. 65). In 2015, Caneda sent OPM a letter requesting
that it provide him with a form to apply for a CSRS retire-
ment annuity. S.A. 62 (Caneda's letter). Together with the
letter, Caneda provided various personnel records. S.A. 65
(Caneda's SF-50, *i.e.*, the government's official personnel
action form); S.A. 66 (Caneda's employment records). In its
initial decision, in May 2015, OPM informed Caneda that
he was not eligible for a deferred CSRS annuity because he
had not shown that he had met the requirements for re-
ceiving such benefits. *Decision*, S.A. 10 (citing S.A. 60).
Years later, in February 2020, OPM issued a final decision

---

[1]    Honorable Allison D. Burroughs, District Judge,
United States District Court for the District of Massachu-
setts, sitting by designation.

[2]    S.A. refers to the Supplemental Appendix submit-
ted with the Appellee's brief.

[3]    This is the Board's Initial Decision, which it
adopted as its Final Decision. *See* S.A. 2.

denying Caneda's request for CSRS benefits. *Id.* at 11 (citing S.A. 58–59). Caneda then petitioned for Board review. S.A. 26.

In November 2022, the Administrative Judge issued an initial decision, later adopted as the Board's final decision, affirming OPM's denial of benefits. *Decision*, S.A. 9–15. The Board determined that Caneda had "failed to submit any evidence" showing entitlement to CSRS benefits. *Id.* at 13. The Board explained that while Caneda performed civilian service for the United States government, the record indicated that he never served in a "covered" position, *i.e.*, one subject to the CSRS. *Id.* at 14. It further explained that, without any covered service, Caneda was also ineligible to submit a deposit to the CSRF for that service—because deposits are permitted only to remedy missed deductions for already covered service so that it may be credited toward a CSRS annuity. *Id.* at 14–15. It also noted that Caneda had accrued retirement pay under the Filipino Employment Personnel Instructions ("FEPI") retirement system, which reinforced the conclusion that his service was not covered under CSRS. *Id.* at 14. The Board therefore concluded that "[i]n the absence of any evidence indicating any federal service covered under the CSRS system, [Caneda] is not eligible for CSRS benefits, or to make a deposit to obtain credit for non-covered service," and affirmed OPM's denial of CSRS retirement benefits. *Id.* at 14–15.

Caneda timely petitioned for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).[4]

---

[4]    The Government argues that Caneda's petition is untimely and that § 7703(b)(1)(A) is not subject to equitable tolling. *See* Gov.'s Inf. Br. 6–7 (citing *Oja v. Dep't of the Army*, 405 F.3d 1349, 1357–60 (Fed. Cir. 2005)). The

## DISCUSSION

Caneda appears to challenge the Board's finding that he presented no evidence of any covered service under 5 U.S.C. § 8333(a)-(b) and therefore was not entitled to make deposits under 5 U.S.C. § 8334(c). *See* Caneda's Inf. Br. 2–9.

The scope of our review of final Board decisions is narrowly defined and limited by statute. 5 U.S.C. § 7703(c); *see also O'Neill v. Off. of Pers. Mgmt.*, 76 F.3d 363, 364 (Fed. Cir. 1996). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "We review the Board's legal decisions *de novo* and its findings of fact for substantial evidence." *McIntosh v. Dep't of Def.*, 53 F.4th 630, 638 (Fed. Cir. 2022). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Higgins v. Dep't of Veterans Affs.*, 955 F.3d 1347, 1353 (Fed. Cir. 2020) (citation modified).

Under 5 U.S.C. § 8333(a)-(b), "to qualify for a CSRS retirement annuity, an employee must have performed at least five years of creditable civilian service, and must have served at least one of his last two years of federal service in a covered position—*i.e.*, service that is subject to the

---

Supreme Court has explained that "§ 7703(b)(1)'s deadline is non-jurisdictional," and that "nonjurisdictional [timing rules] are presumptively subject to equitable tolling," *Harrow v. Dep't of Def.*, 601 U.S. 480, 489 (2024) (alteration in original) (internal quotation marks and citation omitted). Because the outcome of this case does not turn on the availability of equitable tolling in § 7703(b)(1) cases generally, we express no opinion on that question here.

Civil Service Retirement Act." *Lledo v. Off. of Pers. Mgmt.*, 886 F.3d 1211, 1213 (Fed. Cir. 2018) (citations omitted). Notably, "[w]hile nearly all federal service is creditable service, covered service is a narrower subset of federal service." *Id.* Specifically, where an employee is shown to have creditable service, but no evidence of covered service, he is not entitled to CSRS benefits as a matter of law. *Id.* at 1213–14 (affirming that the conclusion that an employee's creditable, non-covered service "is not entitled to CSRS benefits is in accordance with law" (citing *Quiocson v. Off. of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007) (same))).

As the Board identified, none of Caneda's service met the requirement of "covered service" needed to receive CSRS benefits. *Decision*, S.A. 13–14. Caneda's SF-50 personnel file indicates that his position was not subject to CSRS and that no CSRS retirement contributions were withheld from his pay. *See* S.A. 65. In fact, the file shows that Caneda was covered by a different retirement system, the FEPI. *Id.* His receipt of benefits under a non-CSRS plan reinforces the conclusion that his service is not covered under the CSRS. *See Quiocson*, 490 F.3d at 1360 ("Mr. Quiocson was covered by a different retirement system, the FEPI. His receipt of benefits under a non-CSRS plan indicates that his service was not covered under the CSRS." (citing 5 U.S.C. § 8331(1)(ii))). Thus, Caneda's position with the Navy does not qualify as CSRS "covered" service.

Caneda also appears to argue that 5 C.F.R. § 831.303(a), which is a regulation implementing the non-deduction service deposit provisions under 5 U.S.C. § 8334(c), renders his period of federal service prior to October 1982 covered service. Caneda's Inf. Br. 4–9. It does not. That regulation merely "allows those already covered by the Act to include certain creditable service in calculating the annuity." *Lledo*, 886 F.3d at 1214 (citation modified). It "does not alter the definition of covered service, or convert creditable service into covered service." *Id.*

(citations omitted). In other words, 5 C.F.R. § 831.303(a) does not circumvent the covered service requirement of the CSRA. *See Dela Rosa v. Off. of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009) ("[T]he class of person permitted to make a deposit pursuant to ·§ 8334(c)" includes only those "former employees" who are "already covered by the CSRS." (internal quotations omitted)).

Here, because Caneda left the Navy on May 8, 1992, *see* S.A. 65, he had to show that he served in a "covered" position sometime between May 8, 1990 and May 8, 1992 in order to qualify for CSRS benefits and the related deposit provisions, and he did not. *See* 5 U.S.C. § 8333(a)-(b). Moreover, the status of Caneda's pre-1982 service is irrelevant for determining entitlement to CSRS benefits. *See Lledo*, 886 F.3d at 1214 (explaining that the relevant time period under 5 U.S.C. § 8333(a)-(b) is the last two years of employment). Thus, because Caneda never had any CSRS annuity rights, as a non-covered employee, he cannot retain such rights by making post-employment deposits. *See Dela Rosa*, 583 F.3d at 765.

In sum, substantial evidence supports the Board's findings that none of Caneda's service was CSRS-covered service, and because covered service is a statutory prerequisite to both an annuity and any deposit under § 8334(c), he is not entitled to benefits under the CSRS as a matter of law. *See Lledo*, 886 F.3d at 1213 ("Because substantial evidence supports the Board's conclusion that Mr. Lledo's service was excluded from [the Civil Service Retirement and Disability Fund] coverage, the decision that Mr. Lledo is not entitled to CSRS benefits is in accordance with law.").

CONCLUSION

We have considered Caneda's remaining arguments but find them unpersuasive. For the foregoing reasons, we *affirm*.

## AFFIRMED

COSTS

No costs.